UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-131-T-33SPF

AKBAR GHANEH FARD

**ORDER OF FORFEITURE AND PRELIMINARY
ORDER OF FORFEITURE FOR DIRECT ASSETS**

THIS CAUSE comes before the Court upon the United States of America's motion for:

1. An Order of Forfeiture against the defendant in the amount of $1,472,082.00; and

2. A Preliminary Order of Forfeiture for the following assets:

   a. Approximately $13,781.17 seized on or about March 19, 0213 from Bank of America Checking Account Number 0037 6509 6738 held in the name of Advanced Materials Technology, Inc.;

   b. Approximately $100,059.56 seized on or about March 19, 2013 from Bank of America Savings Account Number 2290 1264 9926 held in the name of Advanced Materials Technology, Inc.;

   c. Approximately $7,772.68 seized on or about March 19, 2013 from Bank of America Checking Account Number 0036 7685 7736 held in the name of Akbar Fard and Faranak Fard;

    d.    Approximately $196,573.96 seized on or about March 19, 2013 from Bank of America Savings Account Number 2290 2998 1444 held in the name of Akbar Fard;

    e.    Approximately $410,945.27 seized or restrained on or about March 6, 2013 from Merrill Lynch CMA Investment Account number 5F3-44K16 in the name of Akbar Fard and Faranak Fard;

    f.    Approximately $35,909.72 seized or restrained on or about March 6, 2013 from Merrill Lynch Retirement Account number 5F-49360 held in the name of Akbar Fard; and

    g.    A 2012 black Toyota 4Runner, VIN: JTEZU5JR9C5037038, registered in the names of Advanced Materials Technology Inc., and Akbar Ghaneh-Fard.

The Court hereby finds that, based on the facts proven at trial and the jury's finding the defendant guilty on all counts, at least $1,472,082.00 was obtained by the defendant from his wire fraud scheme.

The Court further finds that the assets identified above constitute or were derived from proceeds traceable to the defendant's wire fraud scheme, for which he was found guilty. The Court therefore denies Defendant's Motion for Release of Seized Funds Necessary to Hire an Expert (Doc. # 130), because those funds now belong to the United States. A defendant does not have the right to use another's money to fund his litigation. <u>Caplin & Drysdale, Chartered v. United States</u>, 491 U.S. 617, 626 (1989).

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' Motion for Order of Forfeiture and Preliminary Order of Forfeiture for Directs Assets (Doc. # 129) is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held liable for an order of forfeiture in the amount of $1,472,082.00.

It is FURTHER ORDERED that, because the $1,472,082.00 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $1,472,082.00.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the assets identified above are hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, this order shall become a final order of forfeiture as to the defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may

be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

It is further Ordered that Defendant's Motion for Release of Seized Funds Necessary to Hire an Expert (Doc. # 130) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this <u>8th</u> day of <u>August</u>, 2018.

<u>*[signature]*</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record