UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No. 8:17-cr-131-T-33SPF

AKBAR GHANEH FARD
_____/

**ORDER**

Before the Court is Defendant Akbar Ghaneh Fard's Response to the Court's August 3, 2018 Order and Request for Reconsideration (Doc. # 144), which was filed on August 8, 2018. The Government filed a Response in Opposition to the Motion on August 9, 2018. (Doc. # 146). After due consideration, the Motion is denied.

**I.  Background**

In June of 2003, Fard formed and incorporated Advanced Materials Technology, Inc. ("AMTI"), for the purpose of submitting proposals and winning awards from the Small Business Innovation Research Program (SBIR) and Small Business Transfer Technology Program (STTR). (Doc. # 1). In doing so, Fard prepared fraudulent proposals to win awards from the programs and included materially false information about the costs of goods and services and employees who would be working on the projects. (Id.). Fard received payments from the United States

1

and spent them in a manner inconsistent with the submitted proposals. (Id.).

Fard was charged in an Indictment with six counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. (Id.). The Indictment also contained forfeiture allegations putting Fard on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(C), the United States would seek a forfeiture money judgment and forfeiture of certain assets, including six bank accounts and a vehicle, which constitute or are derived from proceeds traceable to the wire fraud scheme. (Doc. # 1 at 9-10).

On February 5, 2018, a jury trial began and lasted until February 9, 2018. (Doc. # 99). On February 12, 2018, the jury found Fard guilty of all six counts of the indictment. (Doc. # 109). Fard waived his right to a jury trial on the forfeiture of directly traceable assets, which had been seized or restrained in 2013. On July 17, 2018, the United States filed a Motion for Order of Forfeiture and Preliminary Order of Forfeiture for Direct Assets, seeking (1) an order of forfeiture in the amount of $1,472,082, representing the amount of proceeds obtained by Fard from his wire fraud scheme, and (2) forfeiture of the bank accounts and vehicle which the United States claims

constitute or were derived from proceeds obtained from the wire fraud scheme. (Doc. # 129).

On July 18, 2018, Fard filed a Motion requesting that the Court release $50,000 of the funds subject to forfeiture to hire forensic accountant, J.P. Gringas, to dispute the losses suffered by the United States in the hopes of obtaining a lower sentence. (Doc. # 130).[1] The Court granted the Government's Motion and denied Fard's Motion in an Order dated August 8, 2018. (Doc. # 143). Fard now seeks reconsideration, in part, of the Court's August 8, 2018 Order.

**II. Analysis**

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, but the Eleventh Circuit authorizes such motions when the circumstances warrant them. See, e.g., Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011); United States v. Erland, 352 Fed. Appx. 363, 365 (11th Cir. 2009).

Fard's Motion appears to seek reconsideration of the August 8, 2018 Order only to the extent it granted the Government's forfeiture motion prior to sentencing. Fard does not address

---

[1] Fard's Sentencing is scheduled for August 23, 2018.

the Court's denial of his request for funds to hire an accountant. Among other arguments, Fard states:

> Mr. Fard intends to dispute the amount of loss on the basis that the Government received the benefit of their bargain and the value of Mr. Fard's services exceeded the amount of funds Mr. Fard received from the Government. Mr. Fard's arguments will reveal that there was no actual loss to the Government in this case. If Mr. Fard is successful in convincing this Court that there is no pecuniary loss or, in the alternative, that any loss should be offset with the value of the services rendered, which constitute a benefit for the government agencies, that calculation of loss under the Sentencing Guidelines could affect the amounts of forfeiture and restitution in this case.

(Doc. # 144 at 3).

The Court denies the Motion for Reconsideration because the purpose of criminal forfeiture law is to "separate a criminal from his ill-gotten gains." Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 626 (1989). Forfeitures ensure "that crime does not pay" and weakens the "economic power of criminal enterprises." Kaley v. United States, 571 U.S. 320, 323 (2014).

In furtherance of that goal, 21 U.S.C. § 853(c) vests title to property obtained by criminals via illicit means in the United States "upon the commission of the act giving rise to the forfeiture." All assets within the scope of § 853 must be forfeited upon conviction. United States v. Monsanto, 491 U.S. 600, 606 (1989). The Supreme Court clarified in Monsanto, that

the language of § 853 is plain and unambiguous, and that there are no exceptions to this provision. And, any property that the defendant received as a consequence of his fraud scheme is forfeitable as proceeds. See United States v. Hoffman-Vaile, 568 F.3d 1335, 1344 (11th Cir. 2009)(applying the "but for" test: health care provider convicted of Medicare fraud is liable to forfeit the funds she received from Medicare and funds that she received from private insurers because she would not have received either but for her fraudulent billings.); United States v. Vico, No. 9:15-cr-80057, 2016 WL 233407 (S.D. Fla. Jan. 20, 2016)(forfeiture of total amount of proceeds from a fraud scheme, including some funds from legitimate billing, is appropriate because the revenue stream defendants received would not have existed but for the fraudulent set-up of the company.).

As noted, Fard posits that he will show at sentencing that the value of his services exceeded the amount of funds he received from the Government. Even assuming, arguendo, that Fard can succeed on this argument, the argument has no bearing on the forfeiture in this case. Forfeiture and loss are calculated differently. Forfeiture is punitive – its purpose is to divest a defendant of profits obtained from illegal activity. United States v. Hamaker, 455 F.3d 1316, 1337 (11th Cir. 2006). Loss, on the other hand, "focuses generally on the

harm suffered by the victim of the criminal conduct, rather than on the proceeds of the crime enjoyed by the defendant." Id. at 1337.

In addition, the Government correctly points out that, in the event that Fard's loss argument impacts the sentencing, "the forfeiture order can be modified at that time." (Doc. # 146 at 2). Specifically, Federal Rule of Criminal Procedure 32.2(b)(2)(B) directs courts to enter preliminary orders of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modification before the order becomes final [at sentencing]." See United States v. Prejean, No. 05-cr-130, 2006 WL 2414256, at *2 (E.D. La. 2006)(stating that, if the defendant believes that the order of forfeiture is incorrect or should otherwise be amended, he may ask the court to make the correction before the order becomes final at sentencing). Accordingly, and upon careful consideration, the Court denies the Motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Akbar Ghaneh Fard's Request for Reconsideration (Doc. # 144) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of August, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE