UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No.: 8:17-cr-131-J-33SPF

AKBAR FARD
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Akbar Fard's appeal of Sean P. Flynn, United States Magistrate Judge's October 1, 2018, Order denying Fard's Motion for Bond Pending Appeal. (Doc. ## 179, 180). The Government responded to the appeal on October 16, 2018. (Doc. # 185). For the reasons that follow, the Court affirms the denial of bond pending appeal.

**I. Background**

On March 22, 2017, Fard was charged in an Indictment with six counts of wire fraud in violation of 18 U.S.C. § 1343 and 2. (Doc. # 1). The Indictment also included forfeiture provisions. (Id.). On February 5, 2018, a jury trial commenced, and at the conclusion of the five-day trial, the jury found Fard guilty of all six counts. (Doc. # 109). Ruling on the Government's Motion for Order of Forfeiture and Preliminary Order of Forfeiture of Direct Assets, the Court found: "based on the facts proven at trial and the jury's

finding the defendant guilty on all counts, at least $1,472,082.00 was obtained by the defendant from his wire fraud scheme." (Doc. # 143 at 2). The loss amount represented approximately 70 percent of the total $2,113,845.24 paid on the contract set froth in the Indictment. Given the loss amount, the advisory guideline range was calculated to be between 46 and 57 months. (Doc. # 164). The Court ultimately determined that the advisory guideline range was greater than necessary to satisfy the statutory purpose of sentencing. (Id.). On August 23, 2018, this Court sentenced Fard to thirty-six months imprisonment on each count to run concurrently. (Doc. # 163).

On September 21, 2018, Fard filed a motion for bond pending appeal. (Doc. # 175). On October 1, 2018, the Magistrate Judge denied the motion for bond pending appeal. (Doc. # 179). At this juncture, Fard appeals the denial of bond pending appeal.

## II. **Legal Standard**

Whether a defendant may be released pending appeal is governed by 18 U.S.C. § 3143. Section 3143 presumes a defendant's conviction is valid, and a defendant bears the burden of establishing his entitlement to release pending appeal. United States v. Giancola, 754 F.2d 898, 900-01 (11th

Cir. 1985). There is a strong policy on the part of Congress favoring incarceration upon conviction. <u>United States v. Bonavia</u>, 671 F. Supp. 752, 753 (S.D. Fla. 1987)). To be released pending appeal, a defendant must establish the following by clear and convincing evidence:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

<u>Giancola</u>, 754 F.2d at 901 (citing 18 U.S.C. § 3143(b)(1)).

The Magistrate Judge denied bond pending appeal after finding that (1) Fard poses a flight risk; (2) Fard's appeal has not raised a substantial question of fact or law; and (3) Fard is unlikely to secure a reversal of his conviction or a new trial. The Court agrees with the well-reasoned analysis of the Magistrate Judge and finds no error in the Magistrate Judge's detailed analysis.

### A. <u>Risk of Flight</u>

Fard submits that he is not flight risk. This Court disagrees. Fard was arrested in the Northern District of

3

Georgia at his place of employment and he had his first appearance before United States Magistrate Judge Linda T. Walker. (Doc. # 5 at 2). Judge Walker imposed home detention with electronic monitoring. (Id. at 14).

On July 3, 2017, Fard moved for the elimination of home detention and electronic monitoring. (Doc. # 27). The Court denied that request for a number of reasons, but squarely stated its concern that Fard presents a significant flight risk. (Doc. # 40). The Court explained:

> Fard speaks Farsi, he and his wife are both from Iran, and they have substantial ties to Iran. Fard has the ability to flee to a non-extradition country to which he has extensive, recent travel. As a highly educated professional, Fard has the means to engage in international travel. Moreover, he faces significant prison time . . . . Thus, Fard has substantial reason to flee and to a safe haven from U.S. prosecution.

(Id. at 6-7).

Since the date of the Court's Order denying Fard's request for elimination of home detention and electronic monitoring, his motivation to flee has only increased. At this time, he has been tried, convicted, and sentenced to three years imprisonment.

### B. **Fard's Appeal**

To be granted release pending appeal, Fard must demonstrate that his appeal was not filed for the purpose of

delay and that his appeal raises a substantial question of law or fact. 18 U.S.C. § 3143(b)(1)(B). Furthermore, Fard must demonstrate that the substantial question of law or fact is likely to result in reversal, an order for a new trial, a sentence that does not impose a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

In the seminal case of <u>Giancola</u>, the Eleventh Circuit held that the substantial question of fact or law requirement does not "mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal." 754 F.2d at 900. Rather, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." <u>Id.</u> at 901.

The Court agrees with Fard that his appeal was not filed merely as a delay tactic. However, the analysis Fard provides does not convince the Court that the appeal presents a substantial issue of fact or law, nor does Fard persuade the Court that he is likely to prevail on any aspect of the appeal or otherwise be awarded a new trial.

First, Fard asserts that the evidence was not sufficient

5

to support his conviction.  The Magistrate Judge correctly stated the standard for assessing the sufficiency of the evidence as "whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." (Doc. # 179 at 4)(citing United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998)).  Fard unsuccessfully asserts that the government received the benefit of the bargain, so there is no evidence of a scheme to defraud.  But, the Eleventh Circuit has held that a "scheme to defraud" in the wire fraud context refers to schemes in which a defendant lies about the nature of the bargain itself. United States v. Takhalov, 827 F.3d 1307, 1313 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (2016).  And, in United States v. Near, 708 F. Appx. 590, 598-602 (11th Cir. 2017), the court affirmed a wire fraud conviction involving the Small Business Innovation Research program where there was no loss to the government.

Here, the evidence presented at trial, in the light most favorable to the government, established that Fard lied about the nature of the bargain itself. The government bargained with Fard to pay for the estimated costs of research, but Fard diverted 70% of the money and used it for personal items such

as mulch, pizza, and beer.  The Court finds that the substantial evidence arguments Fard raise do not warrant his release from custody during the appellate process.

The second argument Fard raises is that his sentencing guidelines range was improperly calculated in violation of <u>Rita v. United States</u>, 551 U.S. 338 (2007). As noted, this Court found that the amount of the loss was $1,472,082. Because the loss was more than $550,000.00, but less than $1,500,000.00, the offense level was increased by 14 levels. <u>See</u> UUSG § 2B1.1(b)(1)(H).

Fard likens this case to <u>Near</u>, in which the sentencing court found that the government sustained no loss, no restitution was ordered, and the sentences imposed were much more lenient that those imposed in the present case.  There, the Court found the value of Near's labor, equipment, and materials provided by Georgia Tech and UT was worth more than what the government paid Near.  In contrast, in this case, Fard diverted 70% of the funds away from his small business and used those funds for unintended purposes, such as his personal grocery bill, and mulch.  At sentencing, the Court considered victim impact statements from NASA and the Department of the NAVY.  Those statements show that the government did not receive value from Fard.  The Navy never

received a final report from Fard, and any preliminary work Fard submitted is devoid of value because it is forever tainted by suspicion regarding the veracity of Fard's statements. The Navy is also suspicious that Fard "cut corners" and "any analysis or conclusion drawn by Dr. Fard's work inevitably would have to be repeated in its entirety in order to be found credible." (Doc. # 154 at 4).

In sum, the Court reaches the same conclusion as the Magistrate Judge, affirms, and fully adopts the analysis provided by the Magistrate Judge in denying bond on appeal. Fard is not entitled to be released during the pendency of appeal.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Magistrate Judge's October 1, 2018, Order denying Fard's Motion for Bond Pending Appeal is **AFFIRMED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of October, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE